SAMUEL, Judge
(dissenting).
I must dissent from the opinion and decree of the majority.
There is no question, of course, but that Mrs. Wilty has the same right to run for public office against anyone, including her husband, as has any other person possessing the necessary qualification for the particular office involved. Nor do I feel that a court has the right to inquire into her motives for running. But I feel that Mrs. Wilty should not be permitted to run against her husband using his full name. .
In Louisiana a married woman retains her maiden name and bears the name of her husband as a matter of custom (see Succession of Kneipp, 172 La. 411, 415, 134 So. 376, 378). And I feel that the rule in Louisiana is the same as the majority common law rule to the effect that a married woman’s name consists of her own given name or names, including perhaps her maiden surname, and her husband’s surname (see 65 C.J.S. Names § 3; 38 American Jurisprudence Name § 10; 35 A.L.R. 417).
If this is our law then certainly Mrs. Wilty does not have the right to run under the full name, that is the surname and given names, of her husband, for then she would be running under a name which is not hers against another candidate under that other candidate’s name. Even if this is not the law in Louisiana, if a woman acquires by marriage the surname and given name or names of her husband, I am still of the same opinion. The sole reason a candidate’s name is placed on the ballot is to identify that candidate to the voters and the rights of the electorate as a whole are paramount over any rights possessed by any of the candidates. Every effort should be made to identify each candidate so that the voters will have the fullest possible opportunity of knowing exactly for or against whom they are voting. It should be remembered that the wife has two or more names; the husband has only one.
The majority opinion refers to “Mrs.” as a prefix. Actually “Mrs.”, a title, will appear on the' ballot in the instant case not as a prefix but in very small print following Mrs. Wilty’s name. To many voters, especially considering the extremely long ballot which will be used in the election involved, it will serve very little, if any, means of identification. Certainly it is in the public interest to avoid or lessen, as much as is reasonably possible, any confu *805 sion as to the identity of the candidates in tlie minds of the voters.
I agree with the judgment of the trial court which simply requires the proper democratic executive committee, one of the defendants herein, to certify Mrs. Wilty as a candidate for the office she seeks under the name of Laura Frieda Wilty or Laura Verret Wilty.
I respectfully dissent.
Rehearing denied.
REGAN, J. and SAMUEL, J. are of the opinion that a rehearing should be granted.